**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 08-2347

---

CARL H. BROWN,

        Plaintiff - Appellant,

    v.

MARRIOTT INTERNATIONAL, INCORPORATED,

        Defendant - Appellee.

---

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Alexander Williams, Jr., District Judge. (8:07-cv-01585-AW)

---

Submitted: July 30, 2009                Decided: August 3, 2009

---

Before MOTZ, KING, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Francis H. Koh, KOH LAW FIRM, LLC., Bethesda, Maryland, for Appellant. Thomas L. McCally, Kelly M. Lippincott, CARR MALONEY, PC, Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carl H. Brown, an African-American male, appeals from the district court's order granting summary judgment in favor of Marriott International, Inc. ("Marriott") and dismissing his employment discrimination action alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (2006) ("Title VII"). Brown alleged that Marriott unlawfully discriminated against him on the basis of race when he was not hired to a position as a production support manager.

Our review of the record and the district court's opinion discloses that this appeal is without merit. The familiar burden-shifting scheme set forth by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), applies to Brown's claims. We find the district court properly determined that, even assuming that Brown established a prima facie case of discrimination, he failed to establish pretext for Marriott's legitimate, nondiscriminatory reasons for failing to hire Brown for the position at issue. See Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981); Conkwright v. Westinghouse Elec. Corp., 933 F.2d 231, 234-35 (4th Cir. 1991). Specifically, the record evidence is consistent that, after two telephone interviews and a number of email correspondences, Marriott chose not to select Brown because of his poor verbal

2

and written communication skills. While Brown contends that Marriott gave inconsistent reasons for not hiring him, which support a finding of pretext, the district court correctly determined that the evidence established conclusively that concerns regarding Brown's communication skills began with his first telephone interview and continued throughout the remainder of the interview process, that Marriott had several reasons for not hiring him, and that they communicated the most palpable reason to him. That Marriott chose to provide Brown with an alternate reason for not hiring him does not establish pretext, as found by the district court.

We find that there is no evidence that those who chose not to select Brown were motivated by any desire other than to select the candidate they felt was the best suited for the position. See Evans v. Technologies Applications & Serv., Co., 80 F.3d 954, 960 (4th Cir. 1996) (citing Burdine, 450 U.S. at 258-59). Because Brown failed to establish pretext, we find that the district court did not improvidently grant summary judgment to Marriott.

Accordingly, we affirm the district court's order granting Marriott's motion for summary judgment. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED